AO 432 (Rev. 2/84)

Administrative Office of the United States Courts

## WITNESS AND EXHIBIT RECORD — Prelim. Hrg.

| DATE | CASE NUMBER | OPERATOR | | | PAGE NUMBER | |
|---|---|---|---|---|---|---|
| 8/7/07 | 07-141M (MPT) | Ronald Golden | | | 1 | |
| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL | |
| David DiBetta (ATF) | 7:52 am | 7:56 am | | | MPT | |

FILED AUG - 7 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| Govt 1 | Criminal Complaint | 1 | Yes |

In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

COREY ROANE,

Defendant.

Criminal Complaint

CASE NUMBER: 07-141 M (MPT)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief: On or about August 1, 2007, in the District of Delaware, Defendant COREY ROANE did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
   Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Paul Gemmato
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__August 2, 2007__                              at __Wilmington, DE__
Date                                             City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

GOVERNMENT
EXHIBIT 8/7/07
#1 07-141m

## AFFIDAVIT OF: PAUL D. GEMMATO

1. Your affiant is a special Agent. Your affiant has been a law enforcement officer for over 18 years with the U.S. Bureau of Alcohol, Tobacco, and Firearms (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses. During the course of your affiant's law enforcement career, your affiant has participated in over a hundred seizures of firearms and 50 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of the below stated firearm occurred on 8/1/2007, in the City of Wilmington, State and District of Delaware, as stated to me by a Wilmington Police Officer with personal knowledge of the seizure of the following item: a Springfield Armory, Model XD, 40-caliber semi-automatic Pistol, Serial Number US 445004, loaded with a magazine containing 10, 40-caliber rounds.

4. Your affiant reviewed the computer criminal history information for defendant Corey Roane from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the Corey Roane has a prior felony conviction for Reckless Endangering 1st from on or about 5/20/2003 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS and NCIC computer checks that the defendant has prior convictions for Conspiracy 2nd Degree in 2003, and Trafficking in Cocaine in 2001. Both convictions are felonies in the state of Delaware, punishable by imprisonment exceeding one year.

5. On 8/1/07 at approximately 3:12 PM, a Wilmington Police Officer was on routine patrol and was dispatched to a theft complaint in the Trolley Square area, Wilmington DE. The dispatch provided a physical description of the suspect who was described as a black male, wearing a dark colored doo-rag, a dark colored shirt and shorts. The dispatch also advised that the suspect was last seen departing the area riding a bicycle north on Du Pont Street. The officer arrived in the area approximately 3-5 minutes later and began an area search. While traveling in his marked police vehicle, the police officer observed a black male riding a bicycle north on Du Pont St.

-2-

This location was two blocks from the reported theft. The officer then drove towards the individual and determined that this individual was wearing a dark colored wave cap/doo-rag a dark shirt and long jeans. The Wilmington Police Officer advised that during his initial area search, Roane was the only individual he observed riding a bicycle in the area in/around this time frame. The officer also advised that it has been his training and experience that suspects frequently change their clothing after committing a crime in order to avoid identification and arrest. Due to the totality of the circumstances, the police officer determined that this may be the suspect and warranted further investigation.

6. Another Wilmington Police Officer who was assisting then drove his/her marked unit in close proximity to the individual, activated the blue and red emergency lights and ordered the individual to stop. The individual complied and got off his bike. In accordance with the Wilmington Police Department policies and for officer safety this individual was handcuffed and searched by a Wilmington Police Officer. During the search of the suspect, the officer discovered a loaded firearm that was covered/concealed inside the waistband on the front right side of the suspect's pants. This firearm is described as a Springfield Amory, Model XD, 40-caliber semi-automatic Pistol, serial number US 445004. The firearm was loaded with a magazine that contained 10, .40 caliber rounds.

7. The suspect was arrested by the responding Wilmington Police Department officers and identified as Corey Roane. Roane was then transported to the Wilmington Police Department for processing. After being arrested, Roane advised that he had just found the firearm a short time ago.

8. From training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above - mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

9. Your affiant learned from a Wilmington Police Officer who has personal knowledge of the facts stated below that the firearm appeared to be capable of expelling a projectile by action of an explosive.

-3-

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Paul D. Gemmato
Special Agent, ATF

Sworn to and subscribed in my presence
this 2 day of August 2007

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware